IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| RICHARD MADKINS, | ◊ |
| | ◊ |
|     Petitioner, | ◊ |
| | ◊ |
| vs. | ◊     No. 06-2359-JDB/sta |
| | ◊ |
| RICKY BELL, | ◊ |
| | ◊ |
|     Respondent. | ◊ |

---

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
(DOCKET ENTRY #12)
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On March 16, 2006, Petitioner Richard Madkins, Tennessee Department of Corrections (TDOC) inmate number 107546, an inmate at the Riverbend Maximum Security Institution (RMSI), in Memphis, Tennessee, filed a petition under 28 U.S.C. § 2254. On June 7, 2007, the Court ordered Respondent, Warden Ricky Bell, to file a response to the petition. On August 2, 2007, Respondent filed a motion to dismiss the petition.

I. <u>STATE COURT PROCEDURAL HISTORY</u>

On October 5, 1994, Madkins was convicted by a Shelby County jury of especially aggravated robbery and was subsequently sentenced to sixty (60) years imprisonment. Petitioner appealed. His robbery conviction was affirmed by the Tennessee Court of Criminal Appeals on August 22, 1997. <u>State v. Madkins</u>, No. 02C01-9511-CR-00351, 1997 WL 476698 (Tenn. Crim. App. Aug. 22, 1997).

The Tennessee Supreme Court affirmed the conviction as to the robbery charge. State v. Madkins, 989 S.W.2d 697 (Tenn. March 22, 1999).[1]

On January 4, 2002, Madkins filed a petition for writ of habeas corpus in the Davidson County Criminal Court, challenging the legality of several 1984 convictions used to enhance his sentence for the 1994 Shelby County robbery conviction. On April 24, 2002, the Davidson County Criminal Court granted habeas corpus relief, finding six sentences void due to illegal concurrent sentencing, and remanded the case to Shelby County Criminal Court for further action. Madkins v. State, No. W2003-02937-CCA-R3-PC, 2004 WL 2290498 (Tenn. Crim. App. Oct. 8, 2004).[2]

On May 14, 2002, Madkins filed a petition for post-conviction relief alleging that the 1985 convictions used to enhance his sentence for robbery had been determined to be illegal. The State conceded that Petitioner should be afforded relief on his sentence. On September 19, 2002, the post-conviction trial court granted his

---

[1] Madkins was also convicted of attempted felony murder, but the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court subsequently determined that such an offense did not exist under Tennessee law and that conviction was reversed and dismissed.

[2] The Shelby County Criminal Court voided the sentences and dismissed the indictments. The State appealed and the Tennessee Court of Criminal Appeals determined that the trial court should have either allowed Madkins to withdraw his guilty pleas and proceed to trial or allowed the pleas to remain intact and resentence Madkins to consecutive, rather than concurrent, sentences. The Court of Criminal Appeals reversed the trial court's action and remanded for proceedings consistent with its opinion. State v. Madkins, No. W2003-02938-CCA-R3-CD, 2005 WL 22950 (Tenn. Crim. App. Jan. 5, 2005).

petition as to the sentence only and remanded the matter to the sentencing trial court for further action. Id. at *1.

On November 4, 2003, the Shelby County Criminal Court, acting under authority of the order of September 19, 2002, sentenced Madkins to twenty-five years imprisonment. Petitioner appealed, contending that the trial court was without jurisdiction to resentence him because he was not resentenced within 120 days of the order of September 19, 2002, citing Tenn. Rule Crim. P. 35(b). He did not challenge any other aspect of his new sentence. The Tennessee Court of Criminal Appeals ruled that Tenn. Rule Crim. P. 35(b) was inapplicable to a case remanded for resentencing and that Madkins was not entitled to relief. Id. at *2.

On February 25, 2005, Petitioner filed another state habeas petition in Davidson County Criminal Court alleging that he was illegally resentenced on the 1994 conviction because his conviction was void and, instead of resentencing, he should have been immediately released from custody. The trial court dismissed the petition ruling that the grant of habeas corpus relief for Petitioner's 1994 sentence did not void his conviction. The trial court rejected Madkins' argument that Tenn. Code Ann. § 40-35-209(a)(2006) required resentencing within forty-five (45) days and found that his complaint about the length of the new sentence did not present a threshold claim warranting review. The Tennessee Court of Criminal Appeals affirmed the denial of relief. Madkins v. State, No. M2005-02873-CCA-R3-HC, 2007 WL 595711 (Tenn. Crim. App. Feb. 26, 2007), perm. app. denied, (Tenn. June 18, 2007).

The Tennessee Court of Criminal Appeals reviewed Madkins' state habeas claims stating:

> "[T]he writ of habeas corpus will issue in Tennessee 'only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.'" State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000)(quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).
>
> A void conviction is one which strikes at the jurisdictional integrity of the trial court. Id., see State ex rel. Anglin v. Mitchell, 575 S.W.2d 284, 287 (Tenn. 1979); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the re-sentencing court apparently had jurisdiction over the actus reus, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issue is limited to the claim that the court was without authority to enter the judgment. See Anglin, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); see Archer, 851 S.W.2d at 164; Passarella, 891 S.W.2d at 627.
>
> On appeal the petitioner presses his claim that he was not re-sentenced within 45 days and relies on Tenn. Code Ann. § 40-35-209(a)(2006). He cites no authority that Code section 40-35-209(a) is jurisdictional or that it applies in the context of a re-sentencing following a successful habeas corpus attack. He is entitled to no relief on this basis.
>
> Likewise, the petitioner is entitled to no relief on his claim that the only relief under the habeas corpus scheme is that of immediate release from continued confinement. A duly empaneled jury found the petitioner guilty in 1994 of especially aggravated robbery. That jury verdict was not disturbed when the petitioner successfully challenged his 60-year sentence for that conviction. See McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), overruled in part by

> Summers v. State, No. M2004-02806-SC-R11-HC (Tenn. Jan. 23, 2007).
>
> We note that in his brief, the petitioner advances a new complaint regarding the treatment of his earlier post-conviction petition as a writ of habeas corpus. We are at a loss, as is the State, to fathom the nature or relevance of that complaint as it relates to the present appeal, and the petitioner is entitled to no relief on that matter.
>
> In closing, it strikes us that for the past five years, the petitioner has availed himself of every conceivable legal avenue to avoid serving the balance of his sentence for the 1994 especially aggravated robbery conviction. His arguments have been considered and reconsidered more than once, and considerable judicial resources have been expended. The petitioner's personal beliefs notwithstanding, the law does not entitle him to immediate release or further habeas corpus relief. Accordingly, the order of the habeas corpus court is affirmed.

Id. at *3-*4. The Court of Criminal Appeals also noted that because of the State's successful appeal reversing the dismissal of the 1984 indictments, "it may well be that the petitioner was never entitled to be re-sentenced for the 1994 conviction." Id. at *2, footnote 3.

## II. PETITIONER'S FEDERAL HABEAS CLAIMS

Madkins contends that:

1. The Tennessee Court of Criminal Appeals erred in determining that Petitioner was not entitled to immediate release where the trial court voided his original sixty year sentence;

2. He is actually innocent of especially aggravated robbery because he was resentenced without being retried or reconvicted by a jury; and

3. The State of Tennessee is without jurisdiction to confine him because his original judgment of conviction became void upon resentencing.

5

III. MOTION TO DISMISS

Respondent contends that Petitioner failed to exhaust his state remedies on the claims of this petition or, in the alternative, failed to show any unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

IV. LEGAL STANDARDS APPLICABLE TO HABEAS PETITIONS

Under 28 U.S.C. § 2254(a), a district court may entertain "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphasis added). The threshold question in any federal habeas petition, therefore, is whether the petition raises such claims. See, e.g., Tillett v. Freeman, 868 F.2d 106, 108 (3d Cir. 1989); Martin v. Solem, 801 F.2d 324, 331 (8th Cir. 1986); Nelson v. Solem, 714 F.2d 57, 60 n.2 (8th Cir. 1983); Hall v. Iowa, 705 F.2d 283, 287 (8th Cir. 1983). Mere error in the application of state law is not cognizable in a federal habeas proceeding. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Sneed v. Donahue, 993 F.2d 1239, 1244 (6th Cir. 1993)(claims involving only state law not cognizable in federal habeas petition); Oliphant v. Koehler, 594 F.2d 547, 555 (6th Cir. 1979)(same).

## V. ANALYSIS OF PETITIONER'S CLAIMS

Madkins contests the trial court's procedural right to resentence him without retrial and contends that the Tennessee Court of Criminal Appeals erred when it determined he was not entitled to immediate release. These issues were raised in his state habeas petition and addressed by the Tennessee courts as claims of mistake of state law. In ruling against the Petitioner, the Court of Criminal Appeals quoted and relied on Tennessee statutes and Tennessee case law applicable to post-conviction and habeas proceedings. Thus, these issues were decided on adequate and independent state grounds and are not cognizable under § 2254.

As Petitioner's claims are noncognizable in a federal habeas proceeding, disposition of this petition without an evidentiary hearing is proper. Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. The Respondent's motion to dismiss is GRANTED and this petition is DISMISSED.

## VI. Appellate Issues

The Court must also determine whether to issue a certificate of appealability ("COA"). Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision dismissing a § 2254 habeas petition and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997)(district judges

may issue certificates of appealability). No § 2254 petitioner may appeal without this certificate.

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" <u>Slack</u>, 529 U.S. at 484 (quoting <u>Barefoot</u>, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in <u>Slack</u> held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in <u>Slack</u> would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003) (quoting <u>Barefoot</u>, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

8

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[3]

In this case, the issues presented by Petitioner's petition are noncognizable for the reasons previously stated. Because he cannot present a question of some substance about which reasonable jurists could differ, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2254 case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, Petitioner must seek permission from the district court under Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma

---

[3] The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

pauperis, Petitioner must file his motion to proceed in forma pauperis in the appellate court.  See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.  If Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 25th day of March, 2008.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE